IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSEPH THOMAS, et al,**

    **Plaintiffs**

vs.　　　　　　　　　　　　　　　Civil Action No. 3:18cv441-CWR-FKB

**PHIL BRYANT, Governor of
Mississippi, et al.,**

    **Defendants.**

**PLAINTIFFS' MOTION TO EXTEND
QUALIFYING DEADLINE IN TWO SENATE DISTRICTS**

    Because nearly two weeks have passed without the Mississippi Legislature taking action to remedy the violation announced by this Court in its order of February 13, and reiterated in its order of February 16, 2019, this Court will be required to impose a remedial plan for Senate District 22 which will affect the adjacent Senate District 23.  In order to afford potential candidates an opportunity to make any decisions about qualifying in light of the district lines ordered by the Court, the Plaintiffs move to postpone from March 1, 2019 to March 15, 2019 the candidate qualifying deadline for Senate Districts 22 and 23.  If the Court intends to strongly consider imposing a remedy that encompasses District 13 as well, the Court could also postpone the deadline in that district.  No other districts need be affected.

    Because the Defendants have been aware of this issue for some time, the Plaintiffs request that the Court order the Defendants to respond to this motion by the close of business on February 26, 2019.

In its February 13 order, the Court announced its finding of a violation and stated that the legislature would have the first opportunity to redraw the district and if it chooses, to extending the qualifying deadline for candidates in the affected districts.  The Court reiterated this in its February 16 opinion explaining the reasons for its holding.  In a telephone status conference held on February 21, counsel for the State Defendants stated that the legislative leadership had been informed of the Court's ruling but had not provided any response.  None of the parties have received any indication from any source that the legislature, which is in session, is taking any action to remedy the violation.

Some candidates already have qualified for Senate District 22.  Defense counsel stated in the February 21 status conference that he was aware of one person qualifying as a Republican. The undersigned has been informed by Plaintiff Joseph Thomas that he has qualified as a Democrat and Mr. Thomas stated that he has been told that two others have qualified as Democrats.

The Plaintiffs have submitted proposed redistricting plans to the Court as part of the liability phase.  Any of those are available for the Court to adopt as a remedy.  The Plaintiffs do not intend to propose any others.  During the February 21 status conference, counsel for the State Defendants stated that they will inquire of their clients as to whether they wish to propose a remedial plan for the Court's consideration.  Counsel for the Plaintiffs and Defendants agreed they would confer and, if the Defendants are going to propose a plan, counsel will attempt to agree on a remedial schedule to propose to the Court.  As of this day, February 25, counsel for the State Defendants has informed the undersigned that his clients have not yet decided whether to propose a remedial plan.

In light of the failure of the legislature to take action, and with no decision yet being made as to whether the State Defendants will propose a plan, it appears that the qualifying deadline should be extended for a brief period of time in Senate Districts 22 and 23. If the Court intends to strongly consider imposing a remedy that encompasses District 13 as well, the Court could also postpone the deadline in that district. Similarly if the Defendants request that District 13 be included, the Plaintiffs have no objection. No other districts need be affected.

The Plaintiffs propose the deadline be extended for 14 days, from March 1 to March 15. If it turns out that it should be extended a little further in light of subsequent remedial developments, the Court can do so at the appropriate time. The Plaintiff s believe this 14 day deadline should be sufficient and that if any further extension is necessary, it can be a short one.

Because the Defendants have been aware of this issue for some time, the Plaintiffs request that the Court order the Defendants to respond to this motion by the close of business on February 26, 2019.

A short memorandum of law is being submitted in support of this motion.

February 25, 2019,

BETH L. ORLANSKY, MSB 3938
MISSISSIPPI CENTER FOR JUSTICE
P.O. Box 1023
Jackson, MS 39205-1023
(601) 352-2269
borlansky@mscenterforjustice.org

KRISTEN CLARKE
JON GREENBAUM
EZRA D. ROSENBERG
ARUSHA GORDON
POOJA CHAUDHURI
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1401 New York Ave., NW, Suite 400
Washington, D.C. 20005
(202) 662-8600
erosenberg@lawyerscommittee.org
agordon@lawyerscommittee.org
*Admitted Pro Hac Vice*

Respectfully submitted,

*s/ Robert B. McDuff*
ROBERT B. MCDUFF, MSB 2532
767 North Congress Street
Jackson, MS 39202
(601) 969-0802
rbm@mcdufflaw.com

ELLIS TURNAGE, MSB 8131
TURNAGE LAW OFFICE
108 N. Pearman Ave
Cleveland, MS 38732
(662) 843-2811
eturnage@etlawms.com

PETER KRAUS
CHARLES SIEGEL
CAITLYN SILHAN
WATERS KRAUS
3141 Hood Street, Suite 700
Dallas, TX 75219
(214) 357-6244
pkraus@waterskraus.com
csiegel@waterskraus.com
csilhan@waterskraus.com
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2019, I electronically filed a copy of the foregoing using the ECF system which sent notification of such filing to all counsel of record.

s/Robert B. McDuff