**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **JOSEPH THOMAS; VERNON AYERS;**<br>**and MELVIN LAWSON** | **PLAINTIFFS** |
| **v.** | **NO. 3:18-cv-00441-CWR-FKB** |
| **PHIL BRYANT, Governor of the State of**<br>**Mississippi; DELBERT HOSEMANN,**<br>**Secretary of State of the State of Mississippi;**<br>**and JIM HOOD, Attorney General of the**<br>**State of Mississippi, all in the official capacities**<br>**of their own offices and in their official**<br>**capacities as members of the State Board**<br>**of Election Commissioners** | **DEFENDANTS** |

**MEMORANDUM OF GOVERNOR PHIL BRYANT AND SECRETARY
OF STATE DELBERT HOSEMANN IN OPPOSITION TO PLAINTIFFS'
<u>MOTION TO EXTEND QUALIFYING DEADLINE IN TWO SENATE DISTRICTS</u>**

Governor Phil Bryant and Secretary of State Delbert Hosemann, two of the defendants, respectfully submit this response in opposition to plaintiffs' motion to extend the qualifying deadline in two Senate districts. [Dkt. # 66]. The request for an extension of the March 1, 2019, qualifying deadline is premature until both this Court and the United States Court of Appeals for the Fifth Circuit have ruled on defendants' pending motions to stay this Court's February 16, 2019, memorandum opinion and order. [Dkt # 61]. Further, until the Mississippi Legislature has had an opportunity to propose a remedy and this Court has had an opportunity to consider such a remedy, the district or districts, in addition to Senate District 22, that may be impacted is unknown. Senate District 22 is contiguous with eight existing Senate Districts.

It is remarkable that, in support of their motion for this Court's precipitous intervention in Mississippi's election process, plaintiffs rely on a decision in which the Court refused to

intervene.  *Watkins v. Mabus*, 771 F. Supp. 789 (S.D. Miss. 1991).  Although the legislative apportionment adopted in 1982 had become unconstitutional as a result of the 1990 census, this Court permitted that plan to be used in the 1991 elections, ordering that legislative elections would be held under "the apportionment plan now in effect (1982 plan)."  *Id*., at 797.  That is exactly what this Court ought to do here.

While the Court was hearing evidence and arguments that led to its ultimate decision not to intervene, the Court did temporarily enjoin the qualifying deadline of July 19, 1991, *id*., at 797, ultimately extending it to August 12, 1991.  *Id*., at 797.[1]  The Legislature did not share plaintiffs' view of the ease of "hold[ing] elections even where the qualifying deadlines are five weeks from the primary."  [Dkt. # 67 at 2.]  Before the next legislative elections, the Legislature amended the law to advance the filing deadline to the current date of March 1.  1994 Miss. Gen. Laws ch. 564 § 90, codified as Miss. Code Ann. § 23-15-299.  Lest there be any mistake, the short title of the bill in part declared its purpose "TO REVISE THE TIME FOR PAYMENT OF ASSESSMENTS BY CANDIDATES IN PARTY PRIMARY ELECTIONS."  That amendment was approved by the United States under § 5 of the Voting Rights Act, 51 U.S.C. § 10503.  To suggest to this Court that the deadline is insignificant is to ignore the experience of the legislators who dealt with the consequences the last time this Court changed qualifying deadlines.

This Court has not disputed defendants' demonstration that "none of them caused or can remedy the boundaries of District 22."  [Dkt. # 61 at 18.]  As defendants in this action, however, they do have a right to be heard on any remedy this Court may order.  However, sole responsibility for adopting legislative redistricting laws in Mississippi resides with the

---

[1] It is certainly true that a court of equity may extend the qualifying deadlines, as the Supreme Court authorized in *Connor v. Johnson*, 402 U.S. 690 (1971).  That case, however, had already been pending at least since 1965, *Connor v. Johnson*, 256 F. Supp. 962 (S.D. Miss. 1966), unlike this case, in which defendants saw plaintiffs' proposed plans barely two months ago.

Legislature.

As directed by this Court [Dkt. # 68], defendants have contacted the leadership of the two chambers of the Legislature.  Although defendants do not represent the Legislature, they are authorized to report that, should the stay motions pending before this Court and the Fifth Circuit be denied, the Senate desires the opportunity to enact a new redistricting plan redrawing Senate District 22.  Defendants, as litigants in this Court, expect to be in a position to support that plan.

Plaintiffs will suffer no cognizable injury from awaiting the action of the Legislature. Having waited six years to file suit, they can hardly complain of waiting a few more days.  This Court held in *Watkins* that a violation of § 2 of the Voting Rights Act, 51 U.S.C. § 10503, even where established, does not inflict irreparable injury.  771 F. Supp. at 805 n.16, citing *Chisom v. Roemer*, 853 F.2d 1186, 1188-89 (5th Cir. 1988).[2]  If plaintiffs can demonstrate any harm from a delay, this Court can repair it.

The Legislature faces a particularly difficult task in responding to this Court's order, because the order gives no indication of what remedy is required.[3]  As the Court observed, plaintiffs presented no evidence of "whether a BVAP lower than 62% would be sufficient to elect the African-American community's candidate of choice."  [Dkt. # 61 at 8].  Nor did the Court answer that question, probably because, as this Court well knows, African-Americans are not entitled to elect a candidate of their choice, but only to an equal opportunity to do so.  Nothing in this Court's order suggests what level of BVAP would be sufficient, in this Court's view, to provide that equal opportunity.

Nevertheless, if a stay is not forthcoming, the Legislature will do its best to adopt a

---

[2] That statute in 1991 was indisputably unconstitutional.  District 22, by contrast, is indisputably constitutional.

[3] One reason this Court permitted elections to proceed in 1991 was that it had not established the criteria that should govern any remedy.  *Watkins*, 771 F. Supp. at 799.

lawful plan. In the meantime, this Court should take no action, except to rule on the pending motion for stay. [Dkt. # 63].

This the 26th day of February, 2019.

Respectfully submitted,

*s/ Michael B. Wallace*
MICHAEL B. WALLACE (MSB #6904)
CHARLES E. COWAN (MSB #104478)
T. RUSSELL NOBILE (MSB #100682)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, MS  39205-0651
(601) 968-5500
mbw@wisecarter.com
cec@wisecarter.com
trn@wisecarter.com

ATTORNEY FOR DEFENDANTS PHIL
BRYANT, GOVERNOR OF THE STATE OF
MISSISSIPPI, AND DELBERT HOSEMANN,
SECRETARY OF STATE OF THE STATE OF
MISSISSIPPI

TOMMIE S. CARDIN (MSB #5863)
B. PARKER BERRY (MSB #104251)
BUTLER SNOW LLP
Suite 1400 1020
Highland Colony Park
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel: (601) 985-4570
Fax: (601) 985-4500
E-mail: tommie.cardin@butlersnow.com
E-mail: parker.berry@butlersnow.com

ATTORNEYS FOR ALL DEFENDANTS

## **CERTIFICATE OF SERVICE**

I, Michael B. Wallace, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record.

This the 26th day of February, 2019.

*s/ Michael B. Wallace*
Michael B. Wallace